UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

In re:                                    )
                                          )
April Lee Edwards                         )
_____,          )    Case No. _____
                                          )
                                          )
Debtor(s).                                )

# CHAPTER 13 PLAN

Original  ☒

Amended Plan # [     ] (*e.g.*, 1st, 2nd)
**MUST BE DESIGNATED**

**YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this Plan, you must file a timely written objection. This Plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court.

**THIS PLAN DOES NOT ALLOW CLAIMS.** A creditor must file a timely Proof of Claim to receive distribution as set forth in this Plan. Even if this Plan provides for payment, no payment will be made unless a Proof of Claim is timely filed. In the event of a conflict between a Proof of Claim and the terms of this Plan, the terms of this Plan shall control.

☒  A check in this box indicates that this Plan contains special provisions, set out in Section 10. Otherwise, this Plan includes no provisions deviating from the Model Plan adopted by the Court at the time of the filing of this case.

As used herein, the term "Debtor" includes both the debtor and co-debtor in a jointly administered case.

1.   Payments To Fund Plan:

    A.   The Debtor submits to the Standing Chapter 13 Trustee ("Trustee") the following payments:

| Start Month # | End Month # | Monthly Payment | Total |
|---|---|---|---|
| 1 | 60 | $755.80 | $45,348.00 |
| Total # Months: | 60 | Grand Total Payments: | $45,348.00 |

    B.   ☐  The Debtor is required to turn over to the Trustee 100% of all federal and state income tax refunds received during the term of this Plan, excepting only any federal income tax refund constituting Earned Income Credit and/or Additional Child Tax Credit, and any additional state and/or federal refund of $1500 or less per year in the aggregate.

    ☒  The Debtor is not required to turn over to the Trustee any income tax refunds received during the term of this Plan.

    C.        Other Payments:

| None |
|------|

    D.        In the event there is a discrepancy between the aggregate amount that the Debtor proposes to pay to the Trustee to fund this Plan, and the aggregate amount needed by the Trustee to pay all claims in accordance with the specific provisions set forth below, the specific provisions set forth below shall control. If, at any time during the term of this Plan, it is determined by the Trustee that insufficient funds are being paid in to fund all payments the Trustee is required to make, the Debtor shall increase the periodic payments set forth at Section 1(A) above or otherwise provide for increased payments as needed. Alternatively, if the amount the Debtor is paying to the Trustee exceeds the amount needed for the Trustee to make all payments required by this Plan, any excess funds shall be refunded to the Debtor. Nothing in this provision should be construed as limiting the right of the Debtor, the Trustee, or any unsecured creditor to seek to modify this Plan after confirmation pursuant to 11 U.S.C. §1329.

2. Administrative Claims:

    A.        Trustee Compensation:

Trustee fees shall be paid as provided by 28 U.S.C. §586(e). Regardless of the precise amount of the Trustee's fees set by the U.S. Trustee at any particular time, for purposes of this Plan, the fees shall be estimated at 10% of all amounts to be paid through this Plan.

    B.        Attorney Fees:

Choose one of the following:

☐ Debtor's attorney has agreed to accept $ _____ for all services to be rendered to the Debtor in this case as required by the current Standing Order Re: Attorney Fees for Debtor's Counsel — Springfield Division. Because the fee amount is at or below the "no-look" fee set forth in the Standing Order, the attorney is not required to file a fee application unless otherwise ordered by the Court. Attorney has received $_____ of the fee and the balance of $_____ shall be paid through this Plan in accordance with the Standing Order.

☒ Debtor's attorney has not agreed to accept a fee at or below the "no look" fee and, therefore, will file an initial itemized fee application within 30 days after the entry of an order confirming this Plan. Attorney estimates the total fee request to be $___2,950___. Attorney has received $___2,025___ and expects the balance to be paid through this Plan to be $___925___. Payment of the balance through this Plan shall be paid in accordance with the Standing Order.

Further interim and final fee applications may be filed during the term of this Plan, provided that attorneys who have agreed to accept a "no look" fee pursuant to the Standing Order may only seek compensation for services which are beyond the scope of the services required to be performed to obtain a "no look" fee.

3. Priority Claims:

    A.        Domestic Support Obligations:

        i.        The Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through this Plan.

        ii.       Domestic support obligation arrearages to be paid through this Plan:

| DSO Claimant | Arrearages to be paid through the Plan |
|---|---|
| None | |

    iii. Domestic support obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B) to be paid through this Plan:

| Government Entity | Arrearages to be paid through Plan |
|---|---|
| None | |

  B. Other Priority Claims under 11 U.S.C. §507:

  All allowed priority claims shall be paid in full by the Trustee as set forth herein, unless the creditor agrees otherwise or 11 U.S.C. §1322(a)(4) applies:

| Creditor | Claim Amount |
|---|---|
| Illinois Department of Revenue | $393.00 |
| Internal Revenue Service | $3,255.00 |

4. Secured Claims:

  A. Maintenance of Payments:

    i. The Debtor shall pay post-petition payments directly to the following creditors:

| Creditor | Collateral | Estimated total amount due | Monthly payment |
|---|---|---|---|
| US Bank | 2010 Chevy Equinox | $12,882.63 | $341.00 |

    ii. The Trustee shall pay post-petition payments through this Plan to the following creditors:

| Creditor | Collateral | Estimated total amount due | Monthly payment |
|---|---|---|---|
| None | | | |

  B. Curing Default:

  With respect to the following creditors, the Trustee shall pay allowed claims for arrearages through this Plan, regardless of who is maintaining payments under Section 4(A):

| Creditor | Collateral | Estimated Arrearage | Regular Payment Amount |
|---|---|---|---|
| None | | | |

  C. Secured Claims to which 11 U.S.C. §506 Valuation is NOT Applicable ("910 Claims"):

Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle acquired for the personal use of the Debtor, incurred within the 910 days preceding the date of the filing of the bankruptcy or debts secured by a purchase-money security interest in "any other thing of value" incurred within one year preceding the date of the filing of the bankruptcy. These claims will be paid in full with interest as provided below and will be paid by the Trustee through this Plan.

| Creditor | Collateral | Estimated Claim | Interest Rate % | Estimated Monthly Payment | Estimated Total Principal & Interest |
|---|---|---|---|---|---|
| None | | | | | |

D.    Other Secured Claims:

Claims listed in this subsection are debts secured by real or personal property. These claims will be paid either the value of the secured property as stated below or the secured amount of the claim as listed on the Proof of Claim, whichever is less, with interest as provided below. Any portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim without the necessity of an objection. These claims will be paid by the Trustee through this Plan.

| Creditor | Collateral | Value/Estimated Claim | Interest Rate % | Estimated Monthly Payment | Estimated Total Principal & Interest |
|---|---|---|---|---|---|
| None | | | | | |

E.    Secured Claims for Real Estate Taxes:

Claims listed in this subsection are for real estate tax arrearages. These claims will be paid by the Trustee through this Plan.

| Creditor | Collateral (Include Address) | Tax Year | Estimated Claim Amount | Total Claim & Accruing Interest & Penalties |
|---|---|---|---|---|
| None | | | | |

F.    Surrender of Property:

The Debtor surrenders any and all right, title, and interest in the following collateral:

| Creditor | Collateral Surrendered |
|---|---|
| None | |

Any remaining deficiency following the sale of surrendered collateral shall be treated as an unsecured claim, provided that the creditor has filed a timely Proof of Claim as required by the Federal Rules of Bankruptcy Procedure.

5.    Unsecured Claims:

A.    Unless specifically set forth at Section 10 below, if the Debtor's estate were liquidated under Chapter 7 as of the date of this Plan, the value of the property to be distributed on account of allowed unsecured claims would be $0.

B.    Per Official Form 22C, Debtor has a ☐ 3- or ☒ 5-year applicable commitment period.

C. Debtor's projected monthly disposable income is $ __1,306.59__ . (In calculating this amount, a deduction should be taken for the 10% Trustee's fee described in Section 2(A) above. The Trustee's fee deduction should be taken only once.)

D. Co-Debtor Claims:

The following claims for consumer debts on which another individual is liable with the Debtor are separately classified:

   i. The following co-debtor claims are to be paid in full by the Trustee through this Plan:

| Creditor | Co-Debtor | Interest Rate % | Claim Amount |
|---|---|---|---|
| None | | | |

   ii. The following co-debtor claims will to be paid directly by the co-debtor:

| Creditor | Co-Debtor | Interest Rate % | Claim Amount |
|---|---|---|---|
| USAA Federal Savings, Acct. No. 1619 | Barry Edwards | 15% | $2,193.97 |
| Military Star, Acct. No. 4416 | Barry Edwards | 10.24% | $5,693.34 |
| Pentagon Fed. Credit Union, Acct 8708 | Barry Edwards | 8.99% | $15,224.36 |
| USAA, Acct. No. 6910 | Barry Edwards | 23.9% | $1,996.72 |
| US Bank, Acct. No. 4894 | Barry Edwards | 11.75% | $9,842.35 |
| US Bank Reserve Line, Acct. 5400 | Barry Edwards | 21.9% | $266.55 |
| USAA Federal Savings, Acct. No. 1379 | Barry Edwards | 14.75% | $2,192.80 |

E. Choose only one of the following:

☐ Allowed general unsecured claims shall not receive any distribution pursuant to this Plan.

☒ Allowed general unsecured claims shall be paid in full pursuant to this Plan.

☐ Debtor shall pay the sum of $ _____ to unsecured creditors pursuant to this Plan, which shall be distributed first to pay all claims listed in Section 5(D) above, if any, in full, and then to pay all other allowed general unsecured claims *pro rata*.

☐ The funds remaining after disbursements have been made to all other creditors provided for herein shall be distributed first to pay all claims listed in Section 5(D) above, if any, in full, and then to pay all other allowed general unsecured claims *pro rata*.

6. Executory Contracts and Unexpired Leases:

A. Executory Contracts and Unexpired Lease Maintenance of Payments - Debtor:

All executory contracts and unexpired leases listed on Schedule G are *rejected*, except the following which are assumed and shall be paid directly by the Debtor:

| Creditor | Collateral | Monthly Payment | # of Payments Remaining |
|---|---|---|---|
| AT&T | Cell Phones | $157.86 | 6 |

  B. Executory Contracts and Unexpired Lease Maintenance of Payments - Trustee:

  All executory contracts and unexpired leases listed on Schedule G are *rejected*, except the following which are assumed and shall be paid by the Trustee through this Plan:

| Creditor | Collateral | Monthly Payment | # of Payments Remaining |
|---|---|---|---|
| None | | | |

  C. Executory Contracts and Unexpired Lease Arrearages - Trustee:

  The following arrearages for assumed executory contracts and unexpired leases will be paid by the Trustee through this Plan:

| Creditor | Collateral | Monthly Payment | # of Payments Remaining |
|---|---|---|---|
| None | | | |

7. Property of the Estate:

  ☒ Upon confirmation, all property of the estate shall vest in the Debtor. Notwithstanding this provision, the Trustee retains the right to assert a claim to any additional property of the estate that the Debtor acquires post-petition pursuant to 11 U.S.C. §1306.

  ☐ All property of the estate shall vest in the Debtor upon discharge.

Pursuant to 11 U.S.C. §1327(b), the effect of failure to check one of the above boxes will be to vest all property of the estate in the Debtor upon confirmation.

8. Lien Avoidance:

  A. Liens Sought to Be Avoided Under Separate Motions or Adversary Proceedings:

  Debtor has filed separate motions or adversary proceedings to avoid the following liens:

| Creditor | Collateral |
|---|---|
| None | |

  B. Liens Sought to Be Avoided By This Plan:

  Debtor moves to avoid the following liens through this Plan:

| Creditor | Collateral | Claim Amount |
|---|---|---|
| None | | |
| Basis for Lien Avoidance ||| 
| None ||| 

   Any lien avoidance through this Plan is a contested matter and the creditor whose lien is to be avoided must be served with notice in accordance with Fed. R. Bankr. P. 9014 and 7004. No order voiding a lien will be entered with respect to any proposed lien avoidance described in this subsection until a certificate of service has been filed by the Debtor evidencing that this Plan and all notices regarding objection dates related to it were properly served on the creditor.

9.  Miscellaneous:

  A.  Per Fed. R. Bankr. P. 3010(b), the Trustee shall make no payment in a denomination of less than $15.00 and is authorized to accumulate funds for creditors in order not to make any payments of less than $15.00.

  B.  All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt as determined under non-bankruptcy law or discharge under 11 U.S.C. §1328.

  C.  Secured creditors and lessors to be paid directly by the Debtor may continue to send to the Debtor customary notices, payment coupons, and invoices notwithstanding the automatic stay.

10.  Special Section Terms:

  Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box below. The provisions will not be effective unless there is a check in the notice box preceding Section 1 above:

> Funds shall be distributed to pay all priority claims listed in Section 3(B) above, in full, and then distributed to pay all other allowed general unsecured claims.
>
> Plan payments shall be made by a bi-weekly Wage Deduction Order in the amount of $348.83 against April Edwards. The wage deduction order shall be directed to Community Child Care Connection, 919 S. Spring Street, Springfield, IL 62704.

If the Debtor is represented by an attorney, the attorney must sign the Plan and the Debtor may but is not required to sign it. If the Debtor is not represented by an attorney, the Debtor must sign the Plan. The Plan must be dated.

Signed:

Date: Jan. 7, 2015    /s/ April Lee Edwards
                     Name, Debtor

Date: _____  _____
                     Name, Joint Debtor

Date: Jan. 7, 2015   /s/ Bruce A. Kugler
                     Attorney for Debtor(s):

                     The Kugler Law Firm, P.C.
                     P.O. Box 350
                     Sherman, IL 62684
                     _____
                     Attorney Address

                     (217) 636-7050
                     _____
                     Attorney Phone Number

                     bruce.kugler@kuglerlawfirm.com
                     _____
                     Attorney E-mail Address